**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jacob Travis HAYME, Defendant— Appellant.**

**No. 03–10172.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided Dec. 8, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Ronald Johnson, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Wes R. Porter, Esq., U.S. Attorney Office, Samuel P. King, Jr., Esq., Honolulu, HI, for Defendant–Appellant.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Jacob Hayme, who pled guilty to several offenses stemming from his participation in a bank robbery, challenges his sentence on four independent grounds. We conclude that Hayme is entitled to a limited remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), but we affirm his sentence in all other respects.

■ Hayme first argues that the district court improperly enhanced his sentence based on two victims' injuries. *See* U.S.S.G. § 2B3.1(b)(3)(A).[1] He claims that the robbers agreed not to hurt anyone and, thus, the victims' injuries were not foreseeable. But Hayme ignores the Guidelines' clear statement that if "two defendants agree to commit a robbery and, during the course of that robbery, the first defendant assaults and injures a victim," then "[t]he second defendant is accountable for the assault and injury to the victim . . . *even if the second defendant had not agreed to the assault and had cautioned the first defendant to be careful not to hurt anyone.*" U.S.S.G. § 1B1.3, app. n. 2 (emphasis added); *see also United States v. Luna*, 21 F.3d 874, 884 (9th Cir.1994). The district court properly found these victims' injuries to be reasonably foreseeable. Hayme also disputes the seriousness of these injuries, but because the victims received "medical attention," their injuries meet the Sentencing Guidelines' definition of "bodily injury." U.S.S.G. § 1B1.1, app. n. 1(b).

■ Nor did the district court err by increasing Hayme's sentence for a co-conspirator's carjacking. *See* U.S.S.G. § 2B3.1(b)(5). The court found that the robbers left one of their co-conspirators behind when they escaped. The court further found it to be reasonably foreseeable that this co-conspirator would seek another means of escape. These factual findings are not clearly erroneous, and the enhancement was properly given. *See United States v. Franklin*, 321 F.3d 1231, 1236 (9th Cir.2003) (district court's foreseeability findings reviewed for clear error).

■ Hayme disputes the enhancement of his sentence for physical restraint of a victim. *See* U.S.S.G. § 2B3.1(b)(4)(B). "When a dangerous weapon is used to force a person to move about, that person has been physically restrained just as surely as if he was grabbed by the collar and pulled along." *United States v. Thompson*, 109 F.3d 639, 641 (9th Cir. 1997). The record indicates that several victims were restrained by a weapon "long enough for the robber to direct the victim into a room or order the victim to walk somewhere." *United States v. Parker*, 241 F.3d 1114, 1118 (9th Cir.2001). Moreover, the robbers physically restrained several victims, including one person who was pulled by the hair and pushed to the floor when he entered the bank.

■ Hayme also challenges his enhancement for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. He claims that his actions were negligent, not reckless. But the district court did not clearly err in applying this enhancement, given that

---

[1]. All citations to the Federal Sentencing Guidelines refer to the version that became effective on November 1, 2002.

Hayme personally fired four bullets from an AK–47 assault rifle in the middle of a commercial/residential area. *See Franklin,* 321 F.3d at 1236 (a district court's factual finding as to "whether a defendant's conduct constituted reckless endangerment" is reviewed for clear error).

■ The district court sentenced Hayme prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 749–50, 160 L.Ed.2d 621 (2005). In light of *Booker,* we remand this sentence to the district court "to answer the question whether [Hayme's] sentence would have been different had the court known that the Guidelines were advisory." *Ameline,* 409 F.3d at 1079.

SENTENCE REMANDED.